UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE L. BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15-CV-1118 (CEJ) |
| | ) |
| CHRISTIAN ISLAND FOOD SERVICE | ) |
| d/b/a CALECOS BAR & GRILL, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of non-party Twin City Security, Inc., to quash a subpoena from the defendant to produce documents and attend a deposition. No response in opposition has been filed, and the time for doing so has expired.

Plaintiff brings this action *pro se* claiming employment discrimination on the basis of race and age under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.* Plaintiff alleges that he was harassed and subjected to a hostile work environment during his employment by defendant and that defendant retaliated against him by terminating his employment.

Federal Rule of Civil Procedure 26(b) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. However, "[e]ven if relevant, discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person

seeking the information." Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1323 (Fed. Cir. 1990)).

With respect to subpoenas, Rule 45(d) states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Courts for the district where compliance is required must enforce this duty and "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The movant has the burden of persuasion on a motion to quash a subpoena. 9A Charles Alan Wright, et al., Federal Practice and Procedure § 2459 (3d ed. 2008); see Enviropak Corp. v. Zenfinity Capital, LLC, No. 4:14-CV-00754 (ERW), 2014 WL 4715384, at *3 (E.D. Mo. Sept. 22, 2014). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Misc. Docket Matter No. 1, 194 F.3d at 927 (quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998)).

Non-party Twin City Security, Inc. (TCS) is plaintiff's current employer. The subpoena it moves to quash requests documents and makes inquiries related to plaintiff's employment with TCS, including wage statements and his employment file. TCS argues that the subpoena subjects it to an undue burden, because plaintiff has an expectation of privacy in the requested documents and information and defendant seeks these documents and information without plaintiff's authorization. TCS states that it would produce the documents upon plaintiff signing a written authorization for their release or an appropriate court order.

The Court finds that TCS has demonstrated that the subpoena imposes an undue burden on it, which defendant has not refuted. Producing the documents or information defendant seeks could expose TCS, as plaintiff's employer, to potential liability for disclosing confidential employee information without plaintiff's authorization. The Court agrees with TCS that requiring plaintiff to sign a standard authorization form would ensure that the rights of all parties and nonparties are protected with the minimum amount of imposition on TCS. However, according to the information provided by TCS, defendant has not sought to obtain a release from plaintiff or an appropriate court order. Defendant has not responded to TCS's motion asserting otherwise. Therefore, the Court will quash defendant's subpoena.

Accordingly,

**IT IS HEREBY ORDERED** that that the motion of Twin City Security, Inc., to quash subpoena [Doc. #26] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2016.